United States District Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSEPH D. GILBERTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:24-CV-378 |
| | § | |
| ELON MUSK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION

Plaintiff Joseph D. Gilberti, proceeding pro se, initiated this action by filing a complaint against Defendant Elon Musk, among others, alleging a "systematic ongoing attack" on the United States. (Docket No. 1, at 1.) At the time he filed his complaint, Plaintiff was detained at the Sarasota Jail, which is located in Sarasota, Florida. Plaintiff alleges—primarily—that the defendants have engaged in "organized fraud" to "steal his proprietary work" in an effort to prevent U.S. citizens from access to "a much healthier water supply." (*Id.* at 2-3.) Pending is Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs." (Docket No. 3.) Plaintiff seeks in forma pauperis (IFP) status in order to proceed with his lawsuit without paying the required $405 filing fee. As discussed below, because Plaintiff has failed to show that he is unable to pay the filing fee, the undersigned recommends that his IFP application be denied.

### I. DISCUSSION

As noted, on September 17, 2024, Plaintiff filed this civil action asserting that Defendants have engaged in "organized fraud, dissemination, and racketeering against the United States." (Docket No. 1, at 1.) Specifically, he alleges that the defendants are involved in a "systematic ongoing attack" on the United States to restrict access to an endless supply of healthy water. (*Id.*

at 1-3.) As relief, Plaintiff seeks $50 billion in damages "to put toward new USA infrastructure to primary water." (*Id.* at 10.) In addition, in lieu of paying the filing fee, Plaintiff has filed an "Application to Proceed in District Court Without Prepaying Fees or Costs." (Docket No. 3.)

While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil damages, like Plaintiff's case, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly.").

Considering Plaintiff's financial affidavit in light of this standard, he has failed to show that he is unable to pay the filing fee. Here, as noted, Plaintiff has filed an application to proceed without prepayment of fees. (Docket No. 3.) In his application, he asserts that he is unemployed, that he receives no money from any sources, and that other than $25 he has no cash or assets of any kind. (*Id.* at 1-2.) However, the copies of Plaintiff's inmate trust fund account transactions appear to show a different story. (*Id.* at 4-11.) Specifically, the statement reflects that from March

6, 2024, to September 12, 2024, Plaintiff has received $2,699.12 in total deposits. (*Id.*) This supports the undersigned's conclusion that Plaintiff's IFP application should be denied.[1]

As such, after considering Plaintiff's IFP application in light of the standard, it is clear that Plaintiff has failed to show that he is unable to pay the filing fee. *See Adkins*, 335 U.S. at 339.

## II. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" (Docket No. 3) be DENIED. It is further recommended that Plaintiff be given an additional thirty (30) days to pay the required $405 filing fee.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff Gilberti, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 10, 2025.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition, Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Here, the District Court might be justified in dismissing Plaintiff's action with prejudice in light of his failure to show that he is entitled to proceed in forma pauperis. However, in the interest of justice, it is recommended that Plaintiff's IFP application be denied without prejudice and that he be given an additional thirty (30) days with which to pay the $405 filing fee.